UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CR-00064-FDW-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SHAO NENG LIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on United States' Motion to Appeal (Doc. No. 22) the Magistrate Judge's order setting conditions of pretrial release for Defendant Shao Neng Lin dated April 24, 2024. This Court stayed the Magistrate Judge's Order at the United States' request pending Defendant's transfer to this District from the Central District of California. (Doc. No. 23.) For the reasons set forth below, the United States' motion is **GRANTED** and the Court **ORDERS** Defendant detained pending the disposition of this case.

I. BACKGROUND

Defendant and four others were indicted in this District on March 20, 2024. (Doc. No. 3.) They are charged with several money laundering offenses based on their alleged involvement in a money laundering scheme serving drug traffickers across the United States and in Mexico. Defendants allegedly collected drug proceeds from drug trafficking organizations and deposited those proceeds into bank accounts with JP Morgan Chase, Bank of America, Wells Fargo, and others. The United States estimated Defendants deposited at least $92 million in drug proceeds into bank accounts they control. (Doc. No. 22, p. 4.) Defendant Lin appeared before a Magistrate Judge in the Central District of California upon his arrest. The United States moved for detention. The Magistrate Judge denied the motion and entered an order setting condition of release,

1

including that Defendant must remain in his home District or the Western District of North Carolina, not open any new bank accounts without the permission of his supervising officer, provide monthly bank statements to his supervising officer, and surrender his passport to the Probation Office at a date to be determined. (Doc. No. 36, p. 15.) This order of release was consistent with the recommendation of the United States Probation Office in the Central District of California. The Probation Office in this District recommends detention, based in large part on the risk of non-appearance. Defendant's four co-Defendants have all been ordered detained.

## II. ANALYSIS

The Bail Reform Act of 1984 authorizes and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentencing, and appeal. See 18 U.S.C. § 3142 et seq. Under 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge pending trial, the attorney for the government may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(a). The district court should conduct a de novo review of the magistrate judge's decision. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence. See Williams, 753 F.2d at 333–34. The Court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id. at 333; see also United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393–94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249–50 (5th Cir. 1985) (same).

In determining whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person or the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g) (i.e., nature and circumstances of the offense; the weight of the evidence against defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to the community that would be posed by the defendant's release). The history and characteristics of the defendant include his or her "character, physical and mental conditions, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Id.

In the pretrial detention context, the government's burden is to establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. United States v. Salerno, 481 U.S. 739, 751 (1987) (requiring "clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or community" to justify pretrial detention.). To consider whether any conditions of release will reasonably assure a defendant's attendance at trial, the government need only prove that there are no such conditions by a "preponderance of the evidence." United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001) (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)). In determining whether pretrial detention is warranted, either clear and convincing evidence of a defendant's danger to the community or a preponderance of the evidence of a risk of non-appearance is sufficient—both are not required. Stewart, 19 F. App'x 48–49. Rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information concerning detention. See 18 U.S.C. § 3142(f).

After a careful review of the record, the Court disagrees with the decision to release Defendant on bond conditions. For the reasons set forth below, it is ordered that Defendant be detained pending disposition of this case.

With respect to the nature and circumstances of the offenses charged, the United States acknowledges the charges against Defendant do not carry a presumption of detention. However, it argues "the scope, scale, and volume" of Defendant's criminal conduct weighs in favor of detention. (Doc. No. 22, p. 5.) In August 2022 alone, Defendant allegedly laundered over five million dollars through bank accounts controlled by himself and his company, Kowloon Holding Inc., a purported jewelry business. Between May and September 2022, members of the conspiracy allegedly deposited over seventeen million dollars in accounts controlled by Kowloon. The overall conspiracy allegedly laundered nearly $100 million since May 2022. These large sums carry with them the potential for a lengthy sentence of Defendant is convicted—an important factor in assessing the risk of non-appearance. The Court concludes this factor favors detention.

The United States represents the weight of the evidence against Defendant is strong and weighs in favor of detention. Specifically, the United States proffers: (1) testimony of multiple members of drug trafficking organizations who used the money laundering organization's services; (2) documentary evidence exists connecting Defendant to the bank accounts and shell companies used to facilitate the money laundering scheme; (3) surveillance video exists depicting Defendant making large cash deposits into various bank accounts; and (4) electronic communications corroborating those cash deposits were drug proceeds. Congress has directed courts to consider the weight of the evidence as one factor in the detention analysis, but the Court notes it is not a pretrial determination of guilt. See 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). However, the Court finds the proffered

4

Case 3:24-cr-00064-FDW-SCR   Document 56   Filed 05/31/24   Page 4 of 6

evidence as to Defendant's participation in a money laundering scheme is strong. Much like the factor concerning the nature and circumstances of the offense, this factor too creates a risk of flight because of the potential for a lengthy sentence. The Court concludes the weight of the evidence here favors detention.

Defendant's history and characteristics raise serious concerns about the risk he will flee if released on bond. First, as discussed above, Defendant has numerous bank accounts through which millions of dollars have flowed over the last several years. The Court finds he has the financial means to flee. He also has community ties outside the United States. He has familial connections in China, although his ex-wife and children reside in California. He also has ties to Mexico through the money laundering organization's clients, creating a risk that unindicted co-conspirators could assist him in fleeing prosecution. Further, the case agent represents Defendant and his co-conspirators have demonstrated the ability to obtain false forms of identification. (See Doc. No. 22, p. 8.) Finally, when the Probation Office in the Central District of California contacted Defendant's family, they indicated he has resided at an address in Arcadia, California for the last six years. (Doc. No. 36, p. 4.) Defendant gave the Probation Office an address in Fullerton, California as his residence. These inconsistent reports of Defendant's residence further demonstrate that no condition or combination of conditions could reasonably assure Defendant's appearance. For those conditions to be effective, Defendant must be truthful and cooperate with the Probation Office. Defendant's history and characteristics—including financial resources, community ties outside the United States, and inconsistencies in his background verification—weigh heavily in favor of detention due to the risk of non-appearance.

The United States also argues the nature and seriousness of the danger posed to the community by Defendant's release weighs in favor of detention. Specifically, Defendant's alleged

conduct involves transferring drug trafficking proceeds, which introduces illicit funds into the legitimate banking system and therefore poses an economic danger to the community. The Court concludes this factor favors release. The Indictment does not alleged Defendant himself engaged in drug trafficking. And the harm to the legitimate banking system, which the United States points to, is not generally the type of economic loss courts find demonstrates danger under the statute. Cf. United States v. Logan, Case No. 1:10-CR-00089, 2011 WL 6935501, at *3 (W.D.N.C. Dec. 30, 2011) (concluding the defendant, who repeatedly obtained money and other property by tendering worthless checks, created a "risk of harm and danger of economic loss" if released).

For the foregoing reasons, the Court concludes the United States has demonstrated by a preponderance of the evidence that Defendant poses a risk of non-appearance if released, and has not carried its burden to demonstrate Defendant poses a risk to any other person or the community by clear and convincing evidence. But the risk of non-appearance alone is sufficient. See Stewart, 19 F. App'x 48–49. Therefore, detention is appropriate under 18 U.S.C. §§ 3142(g), 3145. Additionally, the Court finds an additional detention hearing is unnecessary and would not aid the Court in its decisional process.

**IT IS THEREFORE ORDERED** that United States' Motion, (Doc. No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant remain in the custody of the United States Marshal Service pending the disposition of this case.

**IT IS SO ORDERED.**  Signed: May 31, 2024

_____
Frank D. Whitney
United States District Judge