UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(5) SHAO NENG LIN,<br><br>Defendant. | Case Number: 3:24-CR-64-FDW |

### JOINT STATEMENT OF STIPULATED FACTS

This statement of facts does not purport to include all the Defendant's illegal conduct during the course of his charged offense and is not intended to represent all the Defendant's relevant conduct for sentencing purposes. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his co-conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would establish the following beyond a reasonable doubt:

1. Beginning in at least May 2022 and continuing until on or about April 15, 2024, within the Western District of North Carolina and elsewhere, the Defendant, in violation of 18 U.S.C. § 1956(h), knowingly, intentionally, and willfully conspired with others to: (1) conduct and attempt to conduct financial transactions affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (2) engage and attempt to

engage in monetary transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. § 1957(a).

2. During the course of and in furtherance of the conspiracy, the Defendant admits he worked for a Chinese money laundering organization (the "Organization") that received bulk cash proceeds from unlawful activity, including narcotics trafficking, and deposited those illicit funds, which generally exceeded $10,000 for any given transaction, into shell company bank accounts controlled by the Organization in order to conceal and disguise the nature, location, source, ownership, and control of the illicit funds.

3. Some members of the Organization, including the Defendant, were responsible for creating shell companies and opening business checking accounts in those shell companies' names at major financial institutions. At the Organization's direction, these shell company bank accounts received deposits of bulk cash that were picked up by the Organization's couriers from the Organization's customers, including U.S.-based drug traffickers. After the illicit funds were deposited, usually within 24 hours, the Defendant transferred those deposits from the shell company bank accounts to other bank accounts, cryptocurrency accounts, and escrow accounts at the Organization's direction.

4. The Defendant received, through the shell company bank accounts he created, approximately $20 million in illicit funds, including drug trafficking proceeds.

5. The Defendant admits that during an extended period of time, he regularly engaged in laundering funds from multiple sources and received substantial payments in return for his services. The Defendant was an average participant in this criminal activity.

6. The Defendant admits that the total amount of illicit funds laundered in the conspiracy for which he had actual knowledge and involvement and could reasonably foresee was

approximately $40,000,000.

7. The Defendant admits that he knew that the funds laundered in the conspiracy, including those he received through the shell company bank accounts he created, were proceeds of some form of unlawful activity.

8. The Defendant further admits that on or about July 27, 2022, within the Western District of North Carolina, he (1) knowingly conducted financial transactions affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (2) knowingly engaged and caused another to engage in monetary transactions in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. § 1957(a).

9. On or about July 27, 2022, one of the Organization's couriers picked up bulk cash drug trafficking proceeds and then visited the Bank of America bank branch located at 9505 Pineville-Matthews Road, Pineville, North Carolina, and deposited, in two separate transactions, $313,120 of bulk cash drug trafficking proceeds into a business checking account ending in 8706 and registered to Kowloon Holding, Inc. ("Kowloon"), a shell company that the Defendant created for the sole purpose of receiving deposits of illicit bulk cash proceeds picked up by the Organization's couriers. Within one day of receiving the deposits, the Defendant transferred the funds out of Kowloon's bank account and into a different bank account.

10. The Defendant admits that he knew the $313,120 deposited into Kowloon's bank account on or about July 27, 2022, represented the proceeds of some form of unlawful activity.

11. The Defendant further admits that on or about August 20, 2022, within the Western District of North Carolina, he (1) knowingly conducted a financial transaction affecting interstate commerce involving the proceeds of narcotics trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (2) knowingly engaged and caused another to engage in a monetary transaction in criminally derived property that involved proceeds of narcotics trafficking and were of a value greater than $10,000, in violation of 18 U.S.C. § 1957(a).

12. On or about August 20, 2022, one of the Organization's couriers picked up bulk cash drug trafficking proceeds and then visited the JPMorgan Chase bank branch located at 8830 Lindholm Drive, Huntersville, North Carolina, and deposited $250,020 of the bulk cash drug trafficking proceeds into a business checking account ending in 2589 and registered to Kowloon. That same day, the Defendant transferred nearly all the deposited funds out of Kowloon's bank account and into a different bank account.

13. The Defendant admits that he knew the $250,020 deposited into Kowloon's bank account on or about August 20, 2022, represented the proceeds of some form of unlawful activity.

14. The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3237.

15. The Defendant also agrees that his participation in the above-described acts was in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and was not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

16. With his signature below and that of his counsel, the Defendant agrees that he has fully adopted this statement of facts as his own statement. The Defendant is adopting this statement of facts because it is a true and correct summary of the Defendant's own conduct.

17. The Defendant is pleading guilty because the Defendant is in fact guilty.

Respectfully submitted,

MARLON COBAR
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

Date: 4/30/2025        By: _____
                            Jayce Born
                            Trial Attorney
                            Mingda Hang
                            Acting Assistant Deputy Chief of Litigation

Approved by:

Date: 4/30/2025        By: _____ (for)
                            Melanie L. Alsworth
                            Acting Deputy Chief of Litigation

                            ~~LAWRENCE J. CAMERON~~ Russ Ferguson AUSA
                            ~~Acting~~ United States Attorney
                            Western District of North Carolina

Date: 4/30/2025        By: _____
                            Alfredo De La Rosa
                            Assistant United States Attorney
                            Western District of North Carolina

Approved by:

Date: 4/30/2025        By: _____ for
                            Erik Lindahl
                            Assistant United States Attorney
                            Western District of North Carolina

6

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts with the assistance of an English-Chinese interpreter, and have discussed it at length with my attorney, Steven G. Slawinski, Esq. This Statement of Facts has been translated into Chinese for me. I understand that the English version controls. I fully understand these facts and agree to them without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_ShaoNeng Lin_                   4/30/2025
Shao Neng Lin                                         Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through an English-Chinese interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant through an English-Chinese interpreter. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_/s/ Steven G. Slawinski_                4/30/2025
Steven G. Slawinski, Esq.                           Date
Attorney for Defendant